UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AIDA VELEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-00143 |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES., ) | |
| INC., ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Aida Velez brought this action against Defendant Portfolio Recovery Associates, Inc. in the Circuit Court for Saint Charles County alleging violations of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C §162 *et. seq.*, and the Telephone Consumer Protection Act of 1991, 47 U.S.C § 227 *et. seq.* Defendant removed the action to this Court and moved to dismiss for lack of personal jurisdiction. (Doc. No. 6.) After conducting a hearing, the Court, in accordance with its July 25, 2012 Memorandum and Order (Doc. No. 24), granted Defendant's motion to dismiss for lack of personal jurisdiction, and dismissed Plaintiff's complaint without prejudice.

On August 15, 2012, Defendant filed a bill of costs in the amount of $350 seeking to recover costs associated with the filing of the petition for removal. Plaintiff objects to the bill of costs in its entirety. Upon consideration of the briefs submitted and for the reasons set forth below, the proposed bill of costs will be granted.

**Applicable Law**

Pursuant to Fed. R. Civ. P. 54(d)(1), "[u]nless a federal statute, these rules, or a court

order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Under the Rule, a "prevailing party is presumptively entitled to recover all of its costs." *168th and Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007) (quotation omitted). Only the expenses enumerated in 28 U.S.C. § 1920[1] or other statutory authority may be taxed as "costs" under Rule 54(d). *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889-90 (8th Cir. 2006) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987)). Within the statutory framework, the Court has broad discretion to determine and award costs as appropriate in a given case. *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 930 (8th Cir. 2011); *Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009) (noting that district courts have broad discretion over the award of costs to a prevailing party).

The taxation of costs under Rule 54(d) is permissive, but there is a strong presumption favoring an award of costs to the prevailing party. *See Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006). To rebut the presumption that the prevailing party is entitled to recover all of its costs, a district court must provide a rationale for denying the prevailing party's claim for costs. *Id.* (citing cases).

---

[1] Section 1920 provides: A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

**Fees of the Clerk**

Plaintiff opposes Defendant's request for costs, asserting that the Court in its order dismissing the action "determined . . . that Defendant's request for costs (and fees) was denied."  In its earlier order, the Court denied Defendant's request for attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA, finding no basis for a determination that the action was brought in bad faith or for the purpose of harassment.  That earlier ruling does not preclude a determination that Defendant having successfully moved to dismiss for lack of personal jurisdiction is a prevailing party for purposes of Fed. R. Civ. P. 54(d)(1) and thus entitled to an award of costs pursuant to 28 U.S.C. § 1920.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's bill of costs (Doc. No. 26) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax the following costs against Plaintiff and in favor of Defendant:

| | |
|---|---|
| Fees of the Clerk: | $   350.00 |
| **TOTAL:** | **$   350.00** |

*[signature: Audrey G. Fleissig]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of October, 2012.